2011 APR 27 PM 3:18

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
SANTA ANA

BY ___

FILED

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | SA CR No. 09-00077(A)-JVS |
| Plaintiff, | ) | |
| | ) | F I R S T |
| v. | ) | S U P E R S E D I N G |
| | ) | I N F O R M A T I O N |
| FLAVIO RICOTTI, | ) | |
| | ) | [18 U.S.C. § 371: Conspiracy] |
| Defendant. | ) | |
| | ) | |
| | ) | |

The United States Attorney charges:

INTRODUCTION

At all times relevant to this Superseding Information:

1.    The Foreign Corrupt Practices Act of 1977 ("FCPA"), as amended, Title 15, United States Code, Sections 78dd-1, *et seq.*, was enacted by Congress for the purpose of making it unlawful, among other things, for certain United States persons and business entities to act corruptly in furtherance of an offer, promise, authorization, or payment of money or anything of value to a foreign government official (or to any person, while knowing that the money or thing of value will be offered, given or

1  promised to a foreign official), for the purpose of securing any
2  improper advantage, or of assisting in obtaining or retaining
3  business for and with, or directing business to, any person.

4      2.   The Travel Act, Title 18, United States Code, Section
5  1952, made it unlawful to travel in interstate or foreign
6  commerce or use the mail or any facility in interstate or foreign
7  commerce, with intent to promote, manage, establish, carry on, or
8  facilitate the promotion, management, establishment, or carrying
9  on, of unlawful activity, including commercial bribery in
10  violation of the laws of the state of California.

11      3.   Control Components, Inc. ("CCI") was a Delaware
12  corporation headquartered in Rancho Santa Margarita, California,
13  that designed and manufactured service control valves for use in
14  the nuclear, oil and gas, and power generation industries
15  worldwide.  CCI sold its products to both state-owned enterprises
16  and private companies in approximately thirty countries around
17  the world.  Because CCI was organized under the laws of a state
18  of the United States and had its principal place of business in
19  the United States, it was a "domestic concern" as that term is
20  defined in the FCPA, Title 15, United States Code, Section 78dd-
21  2(h)(1)(B).

22      4.   Defendant FLAVIO RICOTTI ("RICOTTI") served as CCI's
23  Director and then Vice-President of Sales for Europe, Africa, and
24  the Middle East ("EAME") from in or around 2001 through in or
25  around 2007.  In this capacity, defendant RICOTTI was responsible
26  for overseeing the marketing and sales of CCI's products to oil
27  and gas, nuclear, and power plant customers in the EAME region.
28  Defendant RICOTTI was a citizen of Italy and served as an agent

1  of CCI and thus was an agent of a "domestic concern" as that term
2  is defined and used in the FCPA, Title 15, United States Code,
3  Section 78dd-2(h)(1)(B).

4     5.    CCI's state-owned customers included Saudi Aramco, the
5  state-owned national oil company of the Kingdom of Saudi Arabia.
6  As a state-owned entity, Saudi Aramco was a department, agency,
7  and instrumentality of a foreign government, within the meaning
8  of the FCPA, Title 15, United States Code, Section 78dd-
9  2(h)(2)(A).  The officers and employees of Saudi Aramco,
10  including its Vice-Presidents, Engineering Managers, General
11  Managers, Procurement Managers, and Purchasing Officers, were
12  "foreign officials" within the meaning of the FCPA, Title 15,
13  United States Code, Section 78dd-2(h)(2)(A).  CCI's private
14  company customers included Company 5.

THE CONSPIRACY

16     6.    Beginning in or around 2000, and continuing through in
17  or around 2007, in the Central District of California, and
18  elsewhere, defendant RICOTTI did unlawfully, willfully, and
19  knowingly combine, conspire, confederate, and agree with Stuart
20  Carson, Hong "Rose" Carson, David Edmonds, Paul Cosgrove, and Han
21  Yong Kim and others known and unknown to commit the following
22  offenses against the United States, that is:

23         a.    being a domestic concern and an agent of a
24  domestic concern, to willfully make use of the mails and the
25  means and instrumentalities of interstate commerce corruptly in
26  furtherance of an offer, payment, promise to pay, and
27  authorization of the payment of any money, offer, gift, promise
28  to give, and authorization of the giving of anything of value to

3

any foreign official, and to any person, while knowing that the money or thing of value will be offered, given, or promised to a foreign official, for purposes of: (i) influencing acts and decisions of such foreign official in his official capacity; (ii) inducing such foreign official to do and omit to do acts in violation of the lawful duty of such official; (iii) securing an improper advantage; and (iv) inducing such foreign official to use his influence with a foreign government, department, agency and instrumentality thereof to affect and influence acts and decisions of such government, department, agency and instrumentality thereof, in order to assist defendant RICOTTI, CCI, and others known and unknown in obtaining and retaining business for and with, and directing business to, CCI and others, in violation of Title 15, United States Code, Section 78dd-2(a); and

b.    to travel and cause travel in interstate and foreign commerce and use the mail and any facility in interstate and foreign commerce, with the intent to promote, manage, establish, carry on, and facilitate the promotion, management, establishment, and carrying on of an unlawful activity, that is, commercial bribery in violation of California Penal Code Section 641.3, and thereafter to perform and attempt to perform and cause the performance of an act to promote, manage, establish, and carry on, and to facilitate the promotion, management, establishment, and carrying on of such unlawful activity, in violation of Title 18, United States Code, Section 1952(a)(3).

///

4

### PURPOSE OF THE CONSPIRACY

7.    The purpose of the conspiracy was to make corrupt payments to officers and employees of state-owned and private customers around the world in order to assist in obtaining and retaining business for and with, and directing business to, CCI.

### THE MANNER AND MEANS OF THE CONSPIRACY

8.    Defendant RICOTTI and his co-conspirators employed various manner and means to carry out the conspiracy, including but not limited to the following:

a.    Defendant RICOTTI and other CCI senior executives implemented and carried on a sales approach which encouraged CCI salespeople to cultivate "friends-in-camp" ("FICs") at CCI's customers.  Many FICs were employees of CCI's state-owned or private customers and had the authority either to award contracts or to influence the technical specifications of an order in a manner that would favor CCI.  As part of the cultivation of FICs at CCI's customers, defendant RICOTTI and his co-conspirators often made or agreed to make payments to the FICs in order to assist in obtaining and retaining business.

b.    Defendant RICOTTI and his co-conspirators would and did authorize and approve payments to FICs for the purpose of obtaining and retaining business.

### OVERT ACTS

9.    In furtherance of the conspiracy and to achieve its purpose and objects, defendant RICOTTI and his co-conspirators committed the following overt acts in the Central District of California, and elsewhere, among others:

//

1          Saudi Aramco Khuff Project

2                    a.    On or about June 3, 2003, defendant RICOTTI agreed

3    with another CCI employee that a commission of 3% of the total

4    contract value (totaling approximately $43,645) from CCI should

5    be offered to an official of Saudi Aramco, a Saudi Arabian state-

6    owned oil company, for the purpose of obtaining business from

7    Saudi Aramco with respect to the Khuff choke valve contract.

8                    b.    On or about June 3, 2003, defendant RICOTTI wrote

9    an e-mail to one of his subordinates imploring him to ensure that

10   the Saudi Aramco official performed: "I would like to see also

11   action and real influence from our FIC!"

12         Company 5 Ras Laffan Project

13                   c.    In or around January 2002, defendant RICOTTI

14   assisted other employees of CCI in offering the payment of a

15   commission to an employee of Company 5, a private company

16   customer, for the purpose of obtaining business from Company 5

17   with respect to the Ras Laffan choke valve contract in Qatar.

18   ///

19   ///

20   ///

21   ///

22   ///

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

           d.   On or about February 28, 2005, defendant RICOTTI
caused an $11,800 wire transfer from CCI's bank account in
California to an account at Qatar National Bank that was
controlled by the Company 5 employee.


                         ANDRÉ BIROTTE JR.
                         United States Attorney


                         ROBERT E. DUGDALE
                         Assistant United States Attorney
                         Chief, Criminal Division

                         DENNISE D. WILLETT
                         Assistant United States Attorney
                         Chief, Santa Ana Branch Office

                         DOUGLAS F. McCORMICK
                         Assistant United States Attorney
                         Deputy Chief, Santa Ana Branch
                         Office

                         KATHLEEN McGOVERN
                         Acting Chief, Fraud Section,
                         Criminal Division
                         United States Department of Justice

                         CHARLES G. LA BELLA
                         Deputy Chief, Fraud Section,
                         Criminal Division
                         United States Department of Justice

                         ANDREW GENTIN
                         Trial Attorney, Fraud Section,
                         Criminal Division
                         United States Department of Justice