## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

| | | |
|---|---|---|
| Case No. | SACR 09-00077-JVS | Date: March 18, 2013 |

Present: The Honorable **James V. Selna**

Interpreter: Not Needed

| Karla J. Tunis | Sharon Seffens | Douglas McCormick |
|---|---|---|
| *Deputy Clerk* | *Court Reporter.* | *Assistant U.S. Attorney* |

| U.S.A. v. Defendant(s): | Present | Cust. | Bond | Attorneys for Defendants: | Present | App. | Ret. |
|---|---|---|---|---|---|---|---|
| **5. Flavio Ricotti** | X | | X | **Jean Nelson** | X | | X |

**Proceedings:** SENTENCING - NON EVIDENTIARY

    Cause called and counsel make their appearances. The Court's tentative sentencing memorandum is issued. The Court and counsel confer. The Court sentences the defendant (Refer to separate Judgment Order) in accordance with its sentencing memorandum (attached hereto) with the modifications indicated on the record .

**cc:** USPO
       PSA

                                                                                               0 : 10

Initials of Deputy Clerk     kjt

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

United States v. Ricotti, Case No. SACR 09-77 JVS

Sentencing Memorandum

This matter is before the Court for sentencing defendant Flavio Ricotti ("Ricotti") on his plea to Count 1 of the First Superseding Information for violation of 18 U.S.C. § 371, conspiracy to violate the Foreign Corrupt Practices Act, 15 U.S.C. § 78dd-2(a), and the Travel Act, 18 U.S.C. §1952(a)(3).  In arriving at a reasonable sentence as instructed by United States v. Booker, 543 U.S. 220 (2005), the Court has taken into consideration the United States Sentencing Commission Guidelines, the policies of the Sentencing Reform Act of 1984, 18 U.S.C. § 3553(a), and the specific facts of this case.  The Court has reviewed the Presentence Report ("PSR") and the parties' submissions.  As set forth below, the Court finds that a sentence of time served (approximately 11months imprisonment) with a waiver of fine is a reasonable sentence in light of all of these factors.

  1. Sentencing Guidelines.[1] The Court adopts the Guidelines analysis of the PSR.

  1.1. Offense Level.  The Court concurs that the applicable guideline is Section 2X1.1(a), which looks to the substantive offense underlying the conspiracy.  Although there two offenses in the conspiracy, the Probation Officer looked to the guideline for commercial bribery, Section  2B4.1(a), which provides a base offense level of 8.  (See PSR, ¶¶ 45-47; U.S.S.G. § 2B4.1(a).)  A 14-level enhancement is applicable based on the consideration (profit) which his employer Control Components, Inc. ("CCI") received in return for an $81,000 bribe which Ricotti caused to be made.  U.S.S.G. § 2B4.1(b)(1)(B), incorporating § 2B1.1(b)(1)(H).  Ricotti is entitled to a 3-level reduction for accepting responsibility.  U.S.S.G. §§ 3E1.1(a), (b). The Court finds that the record establishes by a preponderance of the evidence the basis for the enhancement and the reduction.  The adjusted offense level is 19.

  1.2. Criminal History.  The Court concurs that the defendant's Criminal History Category is I, based on the absence of any Criminal History points.

  1.3. Departures.  The Court acknowledges that it has discretion to depart from the sentence which results from an application of the Guidelines, and finds that the Government's

---

[1] Although the Court considers the Guidelines first, the Court is mindful that the Guidelines are only the starting point in crafting a reasonable sentence.  Gall v. United States, 552 U.S. 38, 49 (2007); United States v. Carty, 520  F.3d 984, 991 (9th Cir. 2008);  United States v. Cantrell, 433 F.3d 1269, 1280 (9th Cir. 2006).  There is no presumption in this Court that a Guidelines sentence should apply.  Nelson v. United States, 555 U.S. 350, 352 (2008) (*per curiam*); Rita v. United States, 551 U.S. 338, 351 (2007); Carty, 520 F.3d at 994.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

motion for a reduction based on Ricotti's cooperation provides a basis for exercising that discretion.  The Government's showing meets the 5-fold requirements of Section 5K1.1 of the Guidelines. (Government's Sentencing Position, pp. 2-3.)   He provided significant information and assistance which led to guilty pleas by senior officials.  (Id., p. 3.)  The Court agrees that Ricotti's cooperation warrants a 6-level departure (offense level 13/Criminal History Category I.)

  1.4.  Conclusion.  The Court finds that proper application of the Guidelines calls for a sentence of imprisonment for 12-18 months and a fine of $3,000 to $30,000.

  2.  Sentencing Reform Act.  In arriving at a reasonable sentence, the Court considers the following factors outlined in the Sentencing Reform Act.

  2.1.  Nature of Circumstances of the Offense and History and Characteristics of Defendant.  As the Supreme Court observed in Gall v. United States, 552 U.S. 38, 52 (2007) (internal quotation marks deleted), "the sentencing judge consider[s] every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and the punishment to ensue."

  Ricotti served as CCI's Director of Power Business and Vice-President for Sales.  Although he pled to a single transaction involving Saudi Aramco, a state-owned oil business, the scope of violations of the Foreign Corrupt Practice Act during his tenure at CCI was far more extensive.  In a separate indictment, CCI admitted to bribes in excess of $6 million and paid a fine of $18.2 million.  (PSR, ¶ 12.)  The of the scheme was to cultivate "friends in camp" ("FICs") who were insiders at customers or who could otherwise influence customers to steer business to CCI by various means, including tailoring bid specifications.  FICs were rewarded with payments (some times referred to as "flowers") and in some cases extravagant travel.  Although Ricotti did not plead to them, the Probation Officer identifies a number of bribery transactions between 2003 and 2005 in which he was involved through authorization of "commission" payments used as subterfuges for bribes.  (PSR, ¶¶ 32-36, 60-66.)

  He was born in Italy, and except for a brief period in 2000 and 2001 when he was in the United States, he has live his whole life in Italy.  (PSR, ¶¶ 73-74.)

  Ricotti is married but is currently separated.  (PSR, ¶ 76.)

  He holds a decree in nuclear engineering from the University of Pisa.  (PSR, ¶ 84.)

  From 2000 to 2007, he worked for CCI.  (PSR, ¶ 88.)  Since then, he has worked as

a sales manager for two Italian firms.  (PSR, ¶¶ 86-87.)

  2.2.  <u>Need for Sentence to Reflect Seriousness of Offense, to Promote Respect for Law, and to Provide Just Punishment.</u>  The Court finds that the Guidelines analysis has taken into account this factor.[2]

  2.3.  <u>Need to Afford Adequate Deterrence of Criminal Conduct.</u>  The Court finds that the Guidelines analysis has taken into account this factor.

  2.4.  <u>Need to Protect the Public.</u>  The Court finds that the Guidelines analysis has taken into account this factor.

  2.5.  <u>Need to Provide Defendant Individualized Service Needs.</u>  This is not a factor in this case.

  2.6.  <u>Kinds of Sentences Available.</u>  Under the terms of the advisory Guidelines, where a sentence falls within Zone C, the Court may impose a term of imprisonment equivalent to the low-end of the Guideline, but may also provide that half the minium term be served through home detention or a term in community confinement.  U.S.S.G. § 5C1.1(d).  The Court, of course, acknowledges that this directive, as well as all others in the Guidelines, is merely advisory.

  2.7.  <u>Sufficiency of Punishment.</u>  The Court finds that a sentence of 11-months time served, which is nearly twice the time the Court would impose if it adopted a low-end split sentence, is sufficient but no more than necessary to meet the goals of the Sentencing Reform Act, including specifically deterrence and recognition of the seriousness of the crime.  <u>Kimbrough v. United States</u>, 552 U.S. 85. 110-11 (2007).  Although Ricotti has the ability to pay a fine, the Court finds that further punishment beyond imprisonment is unwarranted and unnecessary given that he has already served more time than any of the senior management

---

[2] The crime here is in the "mine run of roughly similar . . . cases," and the Court finds that with respect to this factor, the "Guidelines sentence is a proper sentence (in terms of § 3353(a) and other congressional mandates) in the typical case."  <u>Rita v. United States</u>, 551 U.S. at 357, 359.  Where the parties do not argue to the contrary, "the judge normally need say no more."  (<u>Id.</u> at 357.)  As the Ninth Circuit has recently elaborated:  "A within-Guidelines sentence ordinarily needs little explanation unless a party has requested a specific departure, argued that a different sentence is otherwise warranted, or challenged the Guidelines calculation itself as contrary to § 3553(a)."  <u>Carty</u>, 520 F.3d at 992.

 The Court does not mean that the Guidelines analysis overrides the factors in Section 3553(a), but rather that the Court will consider the same facts only once unless the facts have additional or different significance under a Section 3553(a) analysis or render the case atypical.  The Court has noted where this is the case.  <u>United States v. Mix</u>, 450 F.3d 375, 382 (9th Cir. 2006).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

official who pled guilty.

  3. Facts of the Case. There are no additional facts which the Guidelines analysis and the other factors in Section 3553(a) have not taken into account in type or degree.

  4. Other Matters.

  *Supervised Release.* Ricotti objects to the imposition of supervised release because he will be deported. (Ricotti's Position, p. 4.) At the sentencing hearing, he advised the Court he was returning to Italy the following day. The Government expressed the view that there was no need for supervised release. The Court agrees.

  *PSR.* Ricotti objects to the statement of facts in paragraph 34 because it is not limited to the facts which he admitted in the Plea Agreement. (Id., pp. 1-2.) The Court is not so limited in its consideration of the facts. In any event, the absence of the paragraph would not change the Court's sentencing analysis.

  5. Conclusion. In setting this sentence, the Court has taken into account that it has discretion under both the Guidelines and Booker. As noted above, the Court has exercised its discretion under the Guidelines, but in adopting the present sentence, the Court is mindful that whether a sentence falls within or without the Guideline range, the Court's ultimate decision is a reflection of its discretion. The Court finds that taking into account the analysis mandated by Booker, a sentence of time served with a waiver of fine represents a reasonable sentence.